MABEL T. BROWER, complainant-appellant,

*v.*

CLIFFORD H. BROWER and MADELINE BROWER, his wife, defendants-respondents.

[Submitted October 30th, 1925. Decided February 1st, 1926.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry, whose opinion is reported in *98 N. J. Eq. 218.*

*Mr. Alston Beekman,* for the appellant.

*Mr. Howard S. Higginson,* for the respondents.

PER CURIAM.

The bill of complaint in this cause seeks, amongst other things, to establish a resulting trust, in the complainant-appellant, in certain real estate situate at Red Bank, New Jersey, conveyed to the defendant-respondent by W. Harold Powers and Frank E. Price by deed dated February 3d, 1920, and recorded in the Monmouth county clerk's office in book 1119 of deeds, pages 464, &c., on the ground that the purchase price for the property was paid by Trevone H. Brower, the father of the respondent Clifford H. Brower and the husband of the appellant.

Trevone H. Brower married appellant in July, 1917, his first wife, the mother of Clifford H. Brower, having died in 1915 or 1916. Trevone H. Brower died September 10th, 1923.

The decree below, advised by Vice-Chancellor Berry, dismisses the bill of complaint so far as it seeks to have established a resulting trust or a lien or interest in the lands in question in favor of the appellant.

The learned vice-chancellor, in his conclusions, orally delivered, finds—

"The evidence in this case is overwhelming, and conclusive, to the effect that the conveyance of the land here involved was made to the defendant for the purpose of defrauding the creditors of Trevone H. Brower, and this with the knowledge and approval of the complainant. She participated in the attempted fraud and cannot now be relieved from it." *Besson* v. *Eveland, 26 N. J. Eq. 469; Geroso* v. *DeMaio, 75 N. J. Eq. 410; Gould* v. *Hurley, 75 N. J. Eq. 512.*

"With respect to the real estate here involved, the complainant does not come into equity with clean hands and the bill, so far as it claims a resulting trust in the land mentioned or any lien thereon or interest therein, on behalf of the complainant, will be dismissed."

We agree with the learned vice-chancellor in this finding and conclusion, and, as this is the basis of the only ground of appeal urged and argued, the decree below is affirmed, for the reasons contained in the foregoing conclusions of the vice-chancellor.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.  15.

*For reversal*—None.