MILLIE ROGO AND RALPH ROGO, HER HUSBAND, PLAINTIFFS, v. MAHWAH REALTY CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY; MICHAEL CLEMENS, JEAN ALLEGRO AND ALLEN WEINTRAUB, DEFENDANTS.

MAHWAH REALTY CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND JEAN ALLEGRO, CROSS-CLAIMANTS-APPELLANTS, v. ALLEN WEINTRAUB, DEFENDANT-RESPONDENT.

Argued January 23 and 30, 1956—Decided February 13, 1956.

*Mr. Ervan F. Kushner* argued the cause for the cross-claimants-appellants (*Mr. Robert Kleiner,* on the brief).

*Mr. Archibald Kreiger* argued the cause for the defendant-respondent (*Mr. A. Leon Kohlreiter,* attorney).

The opinion of the court was delivered by

BURLING, J.   The sole issue here was raised by the cross-claimants seeking to have a certain deed executed by Mahwah Realty Co., Inc., declared a mortgage.   From a determination adverse to this contention in the Superior Court, Chancery

Division, an appeal was taken to the Superior Court, Appellate Division, which we certified prior to a review in that court.

The disposition of this cause does not involve any novel or intricate legal principles. It is a factual dispute, and like all cases of similar complexion the court desires to have an abiding conviction that all facets of the case have been fully and truthfully disclosed, especially when an attorney is involved as one of the parties to a business proposition.

A review of the record, briefs, and an evaluation of the attitudes displayed at the oral argument, leaves us without that comfort and we are obliged to dispose of the case upon the material at hand.

The Mahwah Realty Company is a New Jersey corporation, wholly owned or controlled by Michael Clemens and his wife Jean Allegro Clemens, also known as Jean Allegro. Of the ten outstanding shares Michael Clemens owns four, his wife, five, and the latter's sister holds one qualifying share. In 1953 Mahwah had one asset—a 43-acre tract of land in Mahwah, Bergen County, New Jersey. The property was heavily encumbered and the Clemens were in dire financial straits. In March of 1953 the Clemens, acting for Mahwah, entered an oral agreement with Ralph and Millie Rogo for the sale of the property. The transfer was conditional upon a required payment of $20,000 within ten days. The Rogos failed to comply with the condition and the agreement was never consummated.

Still in need of funds to assuage their creditors, the Clemens sought assistance from David Cohn, an attorney and member of the New Jersey Bar. Cohn had been their attorney on previous matters. The 43-acre tract owned by Mahwah Realty Company was the lever in obtaining the desired financial assistance. Whether Cohn arranged to purchase the property in question or loan money to the Clemens taking a mortgage on the property as security is the ultimate controversy presented. At any rate, in April 1953 an option contract was executed for a consideration of $5,000. Cohn's son-in-law, Allen Weintraub, was named as optionee. If the

option was exercised within 35 days of the date thereof the $5,000 was to be credited upon an agreed purchase price of $23,000.

The option was exercised, for on May 15, 1953 title was closed and a deed, absolute on its face, was executed and delivered by Mahwah to Weintraub. Considerable ambiguity is shed upon the intention of the parties at the closing by a letter agreement written three days later by David Cohn at the instance of Michael Clemens and signed by both:

"On behalf of Allen Weintraub, I agree that the deed of conveyance made by Mahwah Realty Co. Inc., was conveyed to him subject to the following terms:

1. Mr. Weintraub is to receive from you, upon resale, first—payment of the funds representing the consideration mentioned in the deed, namely $19,800.00 with lawful interest from May 16, 1953.

2. That any moneys derived above the said sum of $19,800.00 are to go to you as you are the beneficial owner after the payment of the aforesaid sum; it being understood, however, that this period is to extend for a period of six (6) months and that any sums realized thereafter are to be divided equally between you, as profits.

3. Mr. Weintraub upon any sale is to receive first monies namely, $19,800.00 with lawful interest from May 16th, 1953."

To the Clemens this letter affords conclusive proof that the basic transaction was a loan and mortgage. Cohn's explanation is that the concession thus accorded the Clemens was charitably inspired on his part to pacify Mrs. Clemens, who, after the closing, had complained to her husband that they had made a bad deal.

The argument now asserted by the Clemens and Mahwah represents a completely different attitude from that held at the initiation of this litigation. In June 1953 the Rogos instituted suit against Mahwah, the Clemens, and Weintraub for specific performance of the oral contract of purchase previously negotiated between the Rogos and Mahwah. As to Weintraub it was asserted that the conveyance to him on May 15, 1953 was without consideration and that the grantee was not an innocent purchaser for value. Michael Clemens did not answer. Mahwah and Jean Allegro Clemens answered by their attorney, denying the allegations that Weintraub was

not a *bona fide* purchaser for value. Weintraub made a similar denial through his attorney, David Cohn, and also asserted as an affirmative defense that he was a *bona fide* purchaser. Because of various attempts at settlement and amended pleadings the pretrial conference was not convened until March 23, 1954, at which time the litigants' contentions remained unchanged. Thereafter, as Judge Grimshaw stated below, the atmosphere suddenly changed. Mahwah and Jean Allegro Clemens changed attorneys and amended their pleadings to raise a counterclaim against Weintraub alleging the conveyance of May 15, 1953 to constitute a mortgage. Thereafter a settlement agreement between the Rogos and Clemens was revealed to the trial court which provided for the sale of the property and a division of the net proceeds between the parties if title thereto was recognized to be in Mahwah. The Rogos abandoned their complaint seeking specific performance and the trial continued, addressed solely to the issue raised by the cross-claim as to whether the transaction between Mahwah, through the Clemens, and Weintraub, through Cohn, was an absolute sale or a mortgage of the property. The trial court held the agreement to be a sale, subject to the right of Michael Clemens to share in the proceeds in the event of a sale of the property as detailed in the letter of May 18, 1953.

The substance of this appeal thus turns upon the same inquiry, *i. e.*, whether the relationship between the parties was that of debtor-creditor or vendor-vendee.

Delicate maneuvering on the part of all concerned is evident. The record discloses a persistent and diligent effort of the trial judge to reach bottom in this case, and his opinion evinces that he had the same difficulty in its disposition which we are now experiencing. The unsuccessful effort below to ferret out full disclosure considerably diminishes the weight which we would otherwise accord to the opportunity of the trial court to observe the demeanor of the witnesses in adjudging credibility. Nevertheless, the proofs, such as they are, and especially the documentary proof, are sufficient to support the judgment upon the conclusion that the cross-

claimants-appellants, Mahwah and Jean Allegro Clemens, failed in the burden cast upon them to establish their present position.

There is but one hypothesis which can pull all the factual circumstances together into one pattern and yet account for the failure of the parties, who are now diametrically opposed in their contentions, to disclose all. The Clemens were in severe financial difficulty and were being pressed by creditors. A loan accommodation was arranged with Cohn and title to the property security was taken in the name of Cohn's son-in-law Weintraub by absolute deed to swerve the property from Clemens' creditors. When a suit for specific performance of the oral contract to sell the property was initiated by the Rogos, fear of a judgment for Weintraub upon the basis of an innocent holder for value crept into the picture. This, in all probability, was the leaven for the "sudden change in the atmosphere." The Clemens changed attorneys and broke off with Cohn, altered their pleadings to incorporate the cross-claim asserting a mortgage rather than a deed, and made a surreptitious agreement with the Rogos, not initially disclosed to the court below. The prayer for specific performance and the claim in support thereof was discontinued and the case proceeded to determine the status of the deed.

■ There is not sufficient evidence, however, to make a finding that the deed procedure was adopted to defraud the creditors of the Clemens. Even so, were it otherwise, the court would be prone to leave the parties where it found them. *Brower v. Brower*, 98 *N. J. Eq.* 218 (*Ch.* 1925), affirmed 99 *N. J. Eq.* 414 (*E. & A.* 1926); *Brown v. Rowland*, 137 *N. J. Eq.* 462 (*Ch.* 1946), affirmed 141 *N. J. Eq.* 358 (*E. & A.* 1948). When one considers what each party had at stake it is readily apparent why this vacuum in the record was allowed to exist.

■■ The character of the proof necessary to gain judicial recognition that a deed absolute on its face is in effect a mortgage intended to secure a loan must be clear and convincing. *Titus v. Wallick*, 114 *N. J. Eq.* 171, 172 (*E. & A.* 1933); *Antonucci v. Gravina*, 134 *N. J. Eq.* 79, 82 (*Ch.*

1943). See 4 *Pomeroy's Equity Jurisprudence* (*5th ed.* 1941), *sec.* 1198. *Cf. Winters v. Earl,* 52 *N. J. Eq.* 52, 53 (*Ch.* 1893), affirmed 52 *N. J. Eq.* 588 (*E. & A.* 1894). Mahwah Realty Company and Jean Allegro Clemens have failed to sustain the burden necessary to rebut the presumption arising from the terms of the absolute deed.

The judgment, so far as it defines the legal relationship between the parties, their rights and obligations, is affirmed. No costs will be allowed to any party.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For reversal*—None.